IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-03165-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

DESIREE VIGIL,
THEODORE LAURENCE, and
JAMMIE FELLHAUER,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY AND TO VACATE STATUS CONFERENCE [ECF. #28]**

---

This order addresses Defendants Desiree Vigil, Theodore Laurence, and Jammie Fellhauer's (collectively, "Defendants") Motion to Stay Discovery and to Vacate Status Conference [ECF. #28] (the "Motion"). The Court has carefully considered the Motion, Plaintiff Delmart E.J.M. Vreeland II's ("Vreeland") Response [ECF. #30], the case file and applicable case law, and has determined that oral argument would not materially assist the Court. For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Vreeland brings this action against Defendants in their individual capacities. [ECF. #4 at pp. 2-4.] Construed liberally, Vreeland's Amended Complaint asserts three claims

1

against each Defendant: (1) an Eighth Amendment claim asserted under 42 U.S.C. § 1983; (2) a medical malpractice claim under Colorado tort law; and (3) injunctive relief for "an order demanding surgery to remove the scrotal mass or masses."[1] [*See generally id.*]

This Court has federal question jurisdiction of the Eighth Amendment claim and supplemental jurisdiction over the medical malpractice claim and request for injunctive relief. *See* 28 U.S.C. §§ 1331, 1367(a).

## DISCUSSION

The Supreme Court has held that government officials asserting qualified immunity have a right to "avoid the burdens of 'such pretrial maters as discovery . . . .'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted). Accordingly, the Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). However, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, there are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases requesting injunctive (as opposed to monetary) relief. *See id.* Additionally, when qualified immunity has not been raised until the filing of a motion for summary judgment, permitting discovery may be appropriate. *Id.* at 643-44.

Defendants request a stay of discovery and that the Court vacate a Status Conference set for June 28, 2019, until, in part, the qualified immunity defenses raised in

---

[1] Courts liberally construe the filings and pleadings of a *pro se* litigant. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

2

their motion to dismiss [ECF. #20] are resolved. [*See generally* ECF. #28.] All Defendants are identified in their personal capacities only, and each asserts a qualified immunity defense to Vreeland's section 1983 Eighth Amendment claim. [*See* ECF. #4.] If granted, the Motion to Dismiss would dispose of the sole claim establishing the Court's original jurisdiction. Dismissal of the Eighth Amendment claim would require that the Court assess the appropriateness of continuing its exercise of supplemental jurisdiction over any claims that may survive the motion to dismiss. *See* 28 U.S.C. § 1367(c).

The Court's broad discretion to stay proceedings is incidental to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens*, 516 U.S. at 308-10 (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending).

Considering the early filing of the motion to dismiss based on qualified immunity and jurisdiction, that the suit is filed for money damages against defendants named in their individual capacities, and that Plaintiff's request for injunctive relief, on its face, may be rendered moot, the Court finds that the circumstances evaluated in *Rome* are inapplicable in the case at hand. Accordingly, the Court finds that a temporary stay of discovery as to all Defendants is appropriate, pending resolution of the motion to dismiss. *See Moore v. Busby*, 92 Fed. Appx. 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of immunity question).

Notwithstanding the Court's finding above, it finds the Motion lacks good cause to vacate the status conference set for June 28, 2019. The status conference is necessary to discuss the briefing of the motion to dismiss, specifically, Vreeland's failure to file a timely response. Therefore, the status conference shall remain as set.

**CONCLUSION**

For the reasons stated above, IT IS ORDERED that Defendants Motion [ECF. #28] is GRANTED IN PART and DENIED IN PART.

Discovery as to all Defendants is stayed, pending resolution of the motion to dismiss. However, the Status Conference set for June 28, 2019 at 10:30 AM will remain as set.

DATED: June 23, 2019.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge