IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-03165-PAB-SKC

DELMART E.J.M. VREELAND, II,

       Plaintiff,

v.

DESIREE VIGIL,
THEODORE L. LAURENCE, and
JAMMIE FELLHAUER

       Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER [#54]**

This Order addresses Plaintiff Delmart E.J.M. Vreeland, II's, ("Vreeland") Motion to U.S. Magistrate Judge S. Kato Crews to Alter or Amend or Grant Relief from the Court's June 6, 2019 Order ("Motion") [#54].[1] The Court has reviewed the Motion, Defendants' response ("Response") [#56], the entire docket, and applicable law. No hearing is necessary. The Motion is DENIED for the reasons discussed below.

**A.    DISCUSSION**

In the Motion, Vreeland asks the Court to "Alter or Amend or Grant Relief from the Court's June 6, 2019 Order [#49] Pursuant to Federal Rules of Civil Procedure Rule 59 or 60[.]" [#54 at p.1] The Court liberally construes this as a motion for reconsideration.

---

[1] The Court uses "[#___]" to refer to specific docket entries in CM/ECF.

*See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a *pro se* litigant's pleadings).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, "motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Id.* Judges in this district generally "have imposed limits on their broad discretion to revisit interlocutory orders." *Id.* Accordingly, courts generally "consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Id.* "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is committed to the trial court's discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

The June 6, 2019 Order (1) struck Vreeland's Notice of Amended Complaint [#41], (2) denied as moot Vreeland's Motion for Service [#42], (3) denied, without prejudice, Vreeland's Motion for Leave to Assert Supplemental claims [#43], and (4) granted him leave to file a motion to amend complaint pursuant to Fed. R. Civ. P. 15(a)(2) and (d). [#49 at p.5.] Vreeland seeks reconsideration of the striking of his Notice of Amendment, the Court's related order disallowing the filing of a reply brief should Vreeland file a Motion to Amend, and its order denying his Motion for Service. [#54 at pp. 3-8.] The Court addresses each in turn.

1. **Notice of Amendment**

Vreeland filed a Notice of Amended Complaint (as a matter of course) per Fed. R. Civ. P. 15(a)(1)(B) on June 6, 2019. [*See* #41.] The Court struck the Notice because "Vreeland filed the Notice of Amendment more than 21 days after service of the Motion to Dismiss, and [he] did not request an extension of that deadline[.]" [#49 at p.4.] Vreeland argues reconsideration of this order is necessary because, according to Vreeland: (1) the Court granted him leave to file an amended complaint at the May 28, 2019 Status Conference; and (2) he requested and the Court granted him a 14-day extension of his deadline to file an amended complaint as a matter of course in his Motion to Convert [#23]. [*See* #54 at pp. 3-4.] The Court did neither.

First, the Court did not grant Vreeland leave to file an amended complaint during the Status Conference. At the conference, Vreeland requested additional time to file a <u>response</u> to Defendants' Motion to Dismiss. [*See* #35.] A response is defined as "[a]n argument or brief presented in answer to that of a movant, appellant, or petitioner." *Response*, Black's Law Dictionary (11th ed. 2019). Put differently, a response is a non-movant's rebuttal argument to the legal and factual matters raised by a motion (in this case, Defendants' Motion to Dismiss). Because Vreeland asked for more time to file a response, the Court granted him leave to file a response to the Motion to Dismiss. [*See generally* #35.] Instead of filing a response, however, Vreeland filed the Notice of his filing an amended complaint.

Second, Vreeland did not request an extension of time to file a motion to amend. [*See* #23 at p.4; *see also generally* #35.] In his Motion to Convert, he asked the Court to

3

accept and convert Defendant's Motion to Dismiss [#20] to a motion for summary judgment. [*Id.* at p.4.] Additionally, he "move[d] the Court for 14 days time (sic) to submit response (sic) to whatever motion the Court is going to accept after the Plaintiff receives this Court's Order on this and the accompanying motion." [*Id.*] The Court construed the latter request as seeking leave to file a response to either the Motion to Dismiss or, if converted, to the motion for summary. At the time of the May 28 Status Conference, Vreeland had not filed a response to the motion to dismiss; he did not do so until <u>after</u> the Status Conference, on June 4, 2019, and he also filed his Notice of Amended Complaint the same day. [*See* #44 (Plaintiff's Response to Defendant's Motion to Dismiss).] Thus, Vreeland ultimately filed both a response and a separate notice of an amended complaint, further suggesting he understood the distinction.

But, Vreeland's Motion proposes that he understood the term response to include an amended complaint. [*See* #54 at pp. 3-4.] The Court has considered whether Vreeland's *pro se* status suggests he may have been confused about what the Court ordered, and has determined that his *pro se* status offers no refuge. This is because, although *pro se*, Vreeland has proven to be on the more sophisticated side of *pro se* litigants; he has filed at least seven cases in this judicial district, three of which are currently pending on this Court's docket.[2] Based on his demonstrated level of sophistication, the Court finds that Vreeland understands the difference between a

---

[2] These cases include: *Vreeland v. Griggs, et al.*, 12-cv-01921-PAB-KMT; *Vreeland v. Fisher, et al.*, 13-cv-02422-PAB-KMT; *Vreeland v. Schwartz, et al.*, 13-cv-03515-PAB-KMT; *Vreeland v. Tiona, et al.*, 17-cv-01580-PAB-SKC; *Vreeland v. Huss, et al.*, 18-cv-00303-PAB-SKC; *Vreeland v. Raemisch, et al.*, 18-cv-02685-LTB; and this matter, *Vreeland v. Vigil, et al.*, 18-cv-03165-PAB-SKC. [*See* #4 at p. 12.]

response and a notice of filing an amended complaint—the fact that he ultimately filed both evidences the point.

Further, even when construed liberally, while parties may file an amended complaint as a matter of right to correct inadequacies that are identified in a motion to dismiss, that does not transform a notice of amendment or amended complaint into an "argument or brief presented in answer" to a motion of any kind.[3] *Compare* Fed. R. Civ. P. 15(a)(1)(B) *with Response*, Black's Law Dictionary (11th ed. 2019). In sum, a response to a motion and a motion to amend are two separate legal inventions; Vreeland only requested additional time to file a response. [*See* #23 at p.4; *see cf.* #35.] A liberal construction does not lead the Court to believe otherwise. Therefore, the Court has not misapprehended the facts underlying its Order striking the Notice to Amend. Thus, the Court declines to reconsider its prior order.

**2. Allowing a Reply to the Motion to Amend**

Courts are under no obligation to allow a party to file a reply. *See, e.g., Valdez v. Motyka Jr. et al.*, No. 15-cv-0109-WJM-STV, 2019 WL 6838959 at *9 (D. Colo. Dec. 16, 2019) (disallowing a reply in support of a summary judgment motion). Indeed, the Local Rules of Practice provide that "[n]othing in this rule precludes a judicial officer from ruling on a motion <u>at any time</u> after it is filed." D.C.COLO.LCivR 7.1(d) (emphasis added). The Court declines to reconsider this aspect of its prior Order.

---

[3] An amended complaint is "[a] complaint that modifies and replaces the original complaint by adding relevant matters that occurred before or at the time the action began." *Amended Complaint*, Black's Law Dictionary (11th ed. 2019).

5

### 3. Motion for Service [#42]

Vreeland further requests the Court reconsider its order denying as moot his Motion for Service of the Amended Complaint on additional defendants. [*See* #54 at p.8.] The Court declines to reconsider this ruling because the issue is moot considering the rulings above.

### B. CONCLUSION

For these reasons, the Motion [#54] is DENIED.

DATED: January 29, 2020.

BY THE COURT:

_____
S. Kato Crews
U.S. Magistrate Judge