IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03165-PAB-SKC

DELMART E.J.M. VREELAND, II,

     Plaintiff,

v.

DESIREE VIGIL,
THEODORE LAURENCE, and
JAMMIE FELLHAUER

     Defendants.
_____

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

     This matter is before the Court on the Recommendation of United States

Magistrate Judge S. Kato Crews ("the recommendation") filed on February 11, 2020

[Docket No. 71]. Magistrate Judge Crews recommends that the Court grant in part and

deny in part plaintiff's Motion for Leave to Submit Amended Complaint [Docket No. 50]

(the "motion to amend") and deny as moot Defendants' Motion to Dismiss [Docket No.

20]. Plaintiff filed a timely written objection. Docket No. 72.

     The Court will "determine de novo any part of the magistrate judge's disposition

that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it

is specific enough to enable the Court "to focus attention on those issues – factual and

legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th

Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the

Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff is a prisoner within the custody of the Colorado Department of Corrections ("CDOC"), housed at all times relevant to the complaint at the Arkansas Valley Correctional Facility. Docket No. 4 at 4.[1] Defendants Desiree Vigil ("Vigil"), Theodore Laurence ("Laurence"), and Jammie Fellhauer ("Fellhauer") (together, the "initial defendants") are CDOC medical personnel who handled plaintiff's medical care during his incarceration. *Id*. The operative complaint, Docket No. 4, brings three claims for relief against the initial defendants for (1) Eighth Amendment cruel and unusual punishment, (2) Eighth Amendment deliberate indifference to serious medical needs, and (3) medical malpractice (in their individual capacities). *Id*. at 2-4. The initial defendants filed a motion to dismiss. Docket No. 20. On June 17, 2019, while the motion to dismiss was pending, plaintiff filed the motion to amend. Docket No. 50. In the proposed amended complaint, Docket No. 50 at 24-70, plaintiff seeks to add new factual allegations, 26 new defendants, and six new claims for relief. *See generally id*.

Magistrate Judge Crews recommends that the Court grant in part and deny in part the motion to amend. Docket No. 71 at 27. As relevant here, Magistrate Judge Crews recommends that plaintiff not be allowed to proceed with a medical malpractice claim against defendants employed by CDOC – Laurence, Lindsay Gouty, Dr. Maul,

---

[1] Because the recommendation contains a detailed statement of the case and its procedural background, the Court discusses only the facts relevant to the resolution of plaintiff's objections. In considering the motion to dismiss, the Court assumes the truth of the allegations in the complaint. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

and Vanessa Carson – because the proposed amended complaint does not satisfy the notice requirements of the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq.* *Id.* at 11-13. Magistrate Judge Crews also recommends that plaintiff not be allowed to proceed with a First Amendment retaliation claim because the proposed amended complaint fails to allege that plaintiff suffered an adverse action. *Id.* at 25-27.

Plaintiff objects to both recommendations. *See* Docket No. 72. First, as to the medical malpractice claims, plaintiff argues that (a) he did, in fact, comply with the CGIA's notice requirement, (b) he is not required to state in a complaint in a federal lawsuit that he complied with the notice requirement, and (c) the notice requirement is an affirmative defense that must be asserted by defendants. *Id.* at 3-4. Second, as to the retaliation claim, plaintiff argues that (a) threats can constitute an adverse action sufficient to support a retaliation claim and (b) he has, in fact, been retaliated against by being transferred to a more restrictive facility and "suffer[ing] a loss of thousands of dollars in property." *Id.* at 4-5.

The Court concurs with the recommendation on both claims. As to the medical malpractice claim, the Court agrees with the recommendation that the proposed amended complaint fails to demonstrate compliance with the CGIA's notice provisions, which require "[a]ny person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment" to "file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury." Colo. Rev. Stat. § 24-10-109(1). If such claim is against a

state employee, the notice "shall be filed with the attorney general." *Id*.

§ 24-10-109(3)(a). Although plaintiff contends that he served "notice as required" on July 8 and 23, 2018, plaintiff does not identify any allegation in the proposed amended complaint that indicates that plaintiff complied with these provisions. *See Kratzer v. Colo. Intergovernmental Risk Share Agency*, 18 P.3d 766, 769 (Colo. App. 2000) ("[A] claimant must allege in his or her complaint that the claimant has complied with the jurisdictional prerequisite of filing of a notice of claim."). The Court has reviewed the proposed amended complaint and is unable to identify any allegation that could be liberally construed as alleging compliance with the notice provisions.[2]

Plaintiff's contentions that failure to comply with the notice requirement is an affirmative defense that must be asserted by defendants and that he is not required to demonstrate compliance with the notice requirement in a suit brought in federal court are misplaced. The CGIA provides that "[c]ompliance with the provisions of [Colo. Rev. Stat. § 24-10-109] shall be a jurisdictional prerequisite to any action brought under the provisions of [the CGIA], and failure of compliance shall forever bar any such action." Colo. Rev. Stat. § 24-10-109(1). Courts have accordingly construed the CGIA's notice requirement as a jurisdictional prerequisite rather than, as plaintiff argues, an

---

[2] Plaintiff suggests that he would be able to cure this defect by amending the complaint to add a single sentence saying that he "complied with the state notice requirements." Docket No. 72 at 4. However, this statement is a legal conclusion couched as a factual allegation, which the Court need not accept for the purposes of ruling on a motion to dismiss. *See, e.g.*, *Johnson v. Liberty Mut. Fire Ins. Co.*, 648 F.3d 1162, 1165 (10th Cir. 2011) ("[A] naked legal conclusion, backed by no well-pleaded facts . . . [is] hardly enough to state a claim for relief."). Plaintiff would need to specifically allege facts that demonstrate his compliance with the CGIA's jurisdictional prerequisite, which he has not done.

affirmative defense. *See Maestas v. Lujan*, 351 F.3d 1001, 1014 (10th Cir. 2003); *Mesa Cty. Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200, 1203-04 (Colo. 2000). The notice provision applies when federal courts hear Colorado tort claims through supplemental jurisdiction. *See Maestas*, 351 F.3d at 1013-14 (citing *Renalde v. City & Cty. of Denver, Colo.*, 807 F. Supp. 668, 675 (D. Colo. 1992)). Thus, the Court agrees with the recommendation that plaintiff was required to comply with the CGIA's notice provision in order to bring a medical malpractice claim against defendants employed by CDOC, and that his failure to do so is a jurisdictional defect that the Court may properly consider when evaluating plaintiff's motion to amend. Accordingly, the Court will overrule plaintiff's objection as to the medical malpractice claim.

As to the retaliation claim, the Court agrees with the recommendation that the proposed amended complaint fails to state a claim for relief. Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: "(1) that the plaintiff was engaged in a constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 730 (10th Cir. 2011) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)). Verbal threats or harassment, without more, "do not constitute adverse action sufficient to support a retaliation claim." *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018).

Here, plaintiff claims that Laurence, Lisa Hanks, Cindra Martinez, and Lindsay Gouty "threatened to have [p]laintiff transferred to a . . . higher security facility if [p]laintiff submitted any more grievances or law suits against them." Docket No. 50 at 67. However, verbal threats, without more, are insufficient to establish that the plaintiff suffered an injury that can support a retaliation claim. *See Requena*, 893 F.3d at 1211. Plaintiff argues that threats "do have the ability to cause other inmates to not take action." Docket No. 72 at 4. However, the proposed amended complaint does not allege that plaintiff did, in fact, suffer an injury as a result of the alleged threats. To the extent that plaintiff argues in his objection that he has been retaliated against by being transferred to a new facility and "suffer[ing] a loss of thousands of dollars in property," *see* Docket No. 72 at 5, these allegations are not contained within the proposed second amended complaint and thus cannot support his retaliation claim. Thus, the Court agrees with the recommendation and will overrule plaintiff's objection as to the retaliation claim.

Plaintiff has not objected to the remainder of the recommendation. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on

the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Based on this review, the Court has concluded that these portions of the recommendation are a correct application of the facts and the law.[3]

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge S. Kato Crews [Docket No. 71] is accepted. It is further

**ORDERED** that plaintiff's Objection to Doc. 71 Magistrate Recommendations [Docket No. 72] is overruled. It is further

**ORDERED** that plaintiff's Motion for Leave to Submit Amended Complaint [Docket No. 50] is granted in part and denied in part, as consistent with the recommendation. It is further

**ORDERED** that the proposed amended complaint is accepted for filing and serves as the operative complaint as modified by the recommendation. It is further

---

[3] Magistrate Judge Crews recommends that the Court deny defendants' motion to dismiss as moot. Docket No. 71 at 27. This is appropriate because the proposed amended complaint is now the operative pleading in this action; thus, the motion to dismiss is directed to an inoperative, superseded pleading. *See, e.g., Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) ("a pleading that has been amended under Rule 15(a) supersedes the pleading it modifies") (internal quotation marks omitted). Plaintiff filed a motion asking the Court to treat the motion to dismiss as a motion for summary judgment, Docket No. 23, which Magistrate Judge Crews denied. Docket No. 35. Plaintiff subsequently filed an objection. Docket No. 48. Because the underlying motion to dismiss is now moot, the Court will deny plaintiff's objection as moot.

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 20] is denied as moot. It is further

**ORDERED** that plaintiff's Objection to Magistrate Order Considering Evidence Not Admissible in Motion to Dismiss Under Rule 12 [Docket No. 48] is denied as moot.

DATED March 19, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge