IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03165-PAB-SKC

DELMART E.J.M. VREELAND, II,

      Plaintiff,

v.

DESIREE VIGIL,
THEODORE L. LAURENCE,
JAMMIE FELLHAUER,
LINDA PARO,
VANESSA CARSON,
LISA HANKS,
LINDSAY GOUTY,
DOCTOR MAUL,
MOUNTAIN PEAKS UROLOGY, P.C.,
CHRISTOPHER T. HARRIGAN, M.D.,
JENNIFER HARRIGAN,
ASHLEY REEDER,
CARLEY DAVIES,
BRANDY R. KNESKI,
CORRECTIONAL HEALTH PARTNERS, INC,
HALL & EVANS, LLC,
ANDREW RINGLE,
LAURA PEARSON,
KRISTIN A. RUIZ,
JULIE TOLLESON,

      Defendants.

_____

# ORDER

_____

    This matter is before the Court on the Report and Recommendation of

Magistrate Judge S. Kato Crews (the "recommendation") [Docket No. 142] filed on July

23, 2020.  The background facts are set forth in the magistrate judge's recommendation

[Docket No. 142] and will not be repeated here except as relevant to ruling on plaintiff's

objection to the recommendation.  The magistrate judge recommends that the Court deny plaintiff Delmart Vreeland's Motion for Order Directing State Defendants to Immediately Return to Plaintiff all Legal Materials Associated With This Case Seized During Transfer Which Will Prevent Another Civil Complaint ("the motion") [Docket No. 106].

## I.  Background

Plaintiff is a prisoner in the Colorado Department of Corrections ("CDOC"). Docket No. 139 at 3.  Plaintiff filed this lawsuit on December 10, 2018 due to a delay in medical care during which time he alleges a painful mass on his lower body grew to the size of a golf ball and he went at least six months without pain medication.  Docket No. 4 at 4-7.

The operative complaint asserts the following claims: one claim of deliberate indifference in violation of the Eighth Amendment arising out of a delay in medical care between June and December of 2018; one claim of deliberate indifference in violation of the Eighth Amendment arising out of a January 31, 2019 physical exam and continued pain medication denial; a medical malpractice claim arising out of the same January 31, 2019 physical exam, a surgery scheduled for February 22, 2019, and pain medication denial; and a Fourth Amendment claim against defendant Vanessa Carson ("Carson") for theft of medical records.[1]  Docket No. 77 at 28-32, 43-44.

---

[1] The list of claims does not include all claims listed in plaintiff's second amended complaint, Docket No. 77, because the second amended complaint contains claims that this Court did not grant him leave to assert.  The list of claims herein includes only those claims from the second amended complaint permitted by this Court's order accepting Judge Crews's recommendation on plaintiff's motion for leave to amend. Docket No. 74.

Defendants Desiree Vigil ("Vigil"), Theodore Laurence ("Laurence"), Jammie Fellhauer ("Fellhauer"), Linda Paro ("Paro"), Carson, Lisa Hanks ("Hanks"), Lindsay Gouty ("Gouty"), and Doctor Maul ("Maul") are CDOC medical personnel.  Docket No. 77 at 4.  Defendants Ruiz and Tolleson are Assistant Colorado Attorneys General. Docket No. 77 at 6.  Collectively, the Court refers to them as the "State Defendants."

During the pendency of this case, plaintiff was transferred between facilities a number of times.[2]  Docket No. 113 at 2-3.  On February 21, 2020, when plaintiff's personal property was unpacked and inventoried during his transfers, the CDOC property sergeant seized plaintiff's UTAB7 computer tablet (the "tablet") as contraband. Docket No. 113 at 3-4; Docket No. 106 at 2; Docket No. 106-6.  The inventory also revealed that, after the transfers, plaintiff was missing five law books and legal materials from the cases *Vreeland v. Schwartz*, No. 13-cv-03515-PAB-KMT[3], *Vreeland v. Huss*, 18-cv-00303-PAB-SKC, and *Vreeland v. Tiona*, 17-cv-01580-PAB-SKC.  Docket No. 106 at 2.  The missing legal materials and the seizure of the tablet are the subject of the motion before the Court.

Plaintiff's motion asks the Court to order the State Defendants to return the tablet and legal materials because the tablet allegedly contains "all electronic case files for this and every other state and federal civil and criminal case and appeal to which Plaintiff is a party," and plaintiff has been unable to comply with Court orders because

---

[2] Plaintiff states that he was transferred seven times, Docket No. 106 at 1, while State Defendants state that plaintiff was transferred three times.  Docket No. 113 at 2-4.

[3] Plaintiff gives case number 13-cv-03151-PAB-KLM for *Vreeland v. Schwartz*, Docket No. 106 at 2, but that is the incorrect case number.

he does not have his legal materials.  Docket No. 106 at 2-4.  The State Defendants assert that the tablet was seized as contraband.  Docket No. 113 at 5.  They claim that, while UTAB7 tablets were an approved item in the past, they have been banned in CDOC facilities since 2014.  *Id.*  Plaintiff objects to State Defendants' claim that UTAB7 tablets are currently categorized as contraband.  Docket No. 139 at 7.  Moreover, the State Defendants state that they have been unable to locate the missing books and legal materials.  Docket No. 113 at 5.

Plaintiff's motion asks the Court to compel CDOC to return the tablet and legal materials to him, citing to Fed. R. Civ. P. 65 regarding injunctions and restraining orders.  Docket No. 106 at 4.  Plaintiff does not indicate that State Defendants are the persons responsible for the seizure of his tablet or legal materials, instead stating that "CDOC FCF staff" have seized the tablet and refused to return it.  *Id.*  The Court interprets "FCF staff" to mean staff at Fremont Correctional Facility, the facility where the tablet was seized.  *See* Docket No. 113 at 3.  However, plaintiff alleges that State Defendants were the persons responsible for his facility transfers, which he alleges were retaliatory.  *See* Docket No. 106 at 1.

On June 29, 2020, the State Defendants filed a response to plaintiff's motion. Docket No. 113.  On July 10, 2020, plaintiff filed a reply.  Docket No. 132.  On July 14, 2020, Magistrate Judge Crews held a hearing on the motion.  Docket No. 135.  Judge Crews construed the motion as a request for injunctive relief under Federal Rule of Civil Procedure 65 and denied it on the record at the hearing.  *Id.*  On July 20, 2020, plaintiff filed an objection to the magistrate judge's denial of his motion, noting that because his motion was a request for injunctive relief, a magistrate judge could only issue a

4

recommendation and not an order.  Docket No. 139.  On July 23, 2020, Judge Crews

vacated his July 14, 2020 oral ruling and recommended that plaintiff's motion be

denied.  Docket No. 142 at 2.

Plaintiff has not filed an objection to Judge Crews's July 23, 2020

recommendation.  However, because plaintiff's July 20, 2020 objection to Judge

Crews's order was timely filed and addresses the same issues, the Court will consider it

a timely objection to Judge Crews's July 23, 2020 recommendation.  The Court will

therefore "determine de novo any part of the magistrate judge's disposition that has

been properly objected to."  Fed. R. Civ. P. 72(b)(3).[4]  The Tenth Circuit has held that

"objections to [a] magistrate judge's report and recommendation must be both timely

and specific to preserve an issue for de novo review by the district court."  *United States

v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## II.  ANALYSIS

The magistrate judge construed plaintiff's motion as one for an injunction and

denied it as seeking impermissible relief.  Docket No. 142 at 2, 6-7.  The Court

disagrees.  The motion is unrelated to the underlying claims in this case.  Rather than a

motion for injunctive relief, the Court construes the motion as seeking a remedy for the

confiscation of plaintiff's legal materials and tablet, akin to a discovery dispute.

Plaintiff makes three objections to the magistrate judge's recommendation: (1)

Judge Crews lacked authority to issue an order on the matter and could only issue a

---

[4] In light of plaintiff's pro se status, the Court reviews his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).  The Court, however, does not "assume the role of advocate for the pro se litigant."  *Hall*, 935 F.2d at 1110.

recommendation; (2) Judge Crews allowed lies by counsel for State Defendants to stand when he knew they were lies; and (3) plaintiff has demonstrated that he meets the four factors required for a preliminary injunction.  Docket No. 139 at 8-9.

As to plaintiff's first objection, Judge Crews subsequently issued a written recommendation on this matter.  Docket No. 142.  This objection is now moot.

The Court addresses plaintiff's third objection next, because it impacts the resolution of the second objection.  Because the Court construes plaintiff's motion as one seeking a remedy for confiscation of legal materials and not a motion for a preliminary injunction, the Court will overrule this objection.

Plaintiff's second objection – that the magistrate judge permitted lies by defense counsel – is not a true objection to the magistrate judge's recommendation, but instead is an objection to the manner in which the magistrate judge conducted the hearing on the motion.  The manner in which the hearing was conducted is immaterial for purposes of this order.

The Court will now consider whether plaintiff has alleged sufficient facts to justify ordering CDOC to return his tablet and legal materials.  Plaintiff states that in 2014 CDOC sold UTAB7 tablets, but then confiscated them due to a software vulnerability that permitted inmates to load prohibited media.  Docket No. 139 at 3.  Plaintiff asserts that he acted as a confidential informant for CDOC to determine the source of the "hack" and that, as a reward his tablet was returned to him with the new operating system that corrected the software vulnerability. *Id.*  Plaintiff claims that all other inmates also had their tablets returned to them in 2014 with the software patch. *Id.*  Plaintiff states that CDOC seized his tablet once more in 2014, he filed suit for its

6

return, and the case was dismissed.  *Id.*  Then, in 2016, plaintiff states that CDOC requested him to be a confidential informant once more and returned the tablet to him. *Id.* at 3-4.  Plaintiff claims that, in October 2016, CDOC personnel issued a property report stating that the tablet had been returned to plaintiff, that the tablet did not contain contraband, that the tablet had the new operating system as required, and that plaintiff was permitted to have a chess game on his tablet.  *Id.* at 4.

State Defendants acknowledge that the tablet was at one time an approved item, but in 2014 CDOC discovered a security vulnerability and the tablet is no longer approved.  Docket No. 113 at 3.  State Defendants indicate that the CDOC attempted to collect all tablets issued to inmates.  *Id.*  State Defendants confirm that the property sergeant at FCF seized plaintiff's tablet after the transfers as contraband and cite to the contraband list prepared by the property sergeant.  *Id.*  This document states that the sergeant confiscated plaintiff's "UTAB7 with unauthorized chess game."  Docket No. 113-6.  At the magistrate judge's hearing, counsel for State Defendants represented that CDOC attempted to collect all of the tablets after discovering the security vulnerability and, though plaintiff may have been able to hold onto his tablet in violation of the policy for an extended period of time after this, the fact remains that his tablet is contraband.  *Vreeland v. Vigil*, No. 18-cv-03165, Audio Recording of Hearing Before Magistrate Judge S. Kato Crews on July 14, 2020, 10:18:01 a.m. to 10:18:55 a.m.

Plaintiff's motion includes a CDOC inventory of all of plaintiff's possessions from February 3, 2020, prior to his transfers.  Docket No. 106 at 9-10; *see* Docket No. 113 at 2 (stating plaintiff transferred on February 3, 2020).  The inventory sheet contains a list

of plaintiff's possession that includes a box of legal materials, U-Tunes Tablet, U-Tunes

Charger with Cable, and U-Tunes HDMI Cable.  *Id*.  State Defendants' June 29, 2020

response to plaintiff's motion states that the "U-Tunes tablet is not an approved item at

this time."  Docket No. 113 at 3.

Plaintiff claims that the tablet is an approved item and thousand of inmates

possess them within the CDOC system with CDOC permission.  Docket No. 139 at 3.

In a separate case, plaintiff filed a motion to stay the proceedings pending the outcome

of plaintiff's motion for the return of his tablet and legal materials.  *See Vreeland v.*

*Tiona*, 17-cv-01580-PAB-SKC, Docket No. 406.  The defendants in *Tiona* are other

CDOC personnel represented by the same Assistant Attorney General as the State

Defendants in this case.  In response to the motion to stay, the defendants in *Tiona*

stated that, while the UTAB7 tablet is not available through the CDOC canteen

currently, some CDOC inmates are permitted to possess them.  *Vreeland v. Tiona*, 17-

cv-01580-PAB-SKC.  Docket No. 408 at 5.  The defendants stated that the difference

between the tablets permitted by CDOC and plaintiff's tablet is that plaintiff's tablet does

not have the software patch that prevents inmates from loading unauthorized media on

them, especially pornography.  *Id.*  The defendants stated that during plaintiff's transfer,

CDOC inspected his tablet and realized that he did not have the software update, and

thus the tablet was contraband.  *Id.*

Plaintiff argues that he possessed his tablet for a period of time in 2014 and

since 2016 to the present, despite State Defendants' claim that it has been contraband

since 2014.  *See* Docket Nos. 139 at 3-4; 113 at 3.  State Defendants' response to this

assertion is that, "to the extent [plaintiff] was able to retain his tablet beyond [2014] with the acquiescence of CDOC staff, that retention was inconsistent with CDOC policy." Docket No. 113 at 6.  In other words, it appears that CDOC staff allowed plaintiff to possess his tablet.

Plaintiff claims that he cannot properly litigate this case and others without his tablet and legal materials.  Docket No. 106 at 3.  More specifically, plaintiff states that: (1) "[e]very page of plaintiff's legal affairs is on the tablet, [sic] no case can be litigated without the information on it;" (2) "a petition for cert to the U.S. S.Ct. was due in days, all the materials/research and the petition was on the tablet and could not be reproduced and if the tablet was not returned immediately the First Amendment Right [sic] to access the Court and file the cert petition as to federal habeas corpus matters would be forever lost;" (3) "CDOC demanded discovery, some of it is on the tablet and can not [sic] be served to the defense without it;" (4) "all case files and research and note [sic] and work product and attorney client communications going back to 2014 are on the tablet; all addresses, phone numbers and contact information Plaintiff needs for all cases is [sic] on the tablet; all state criminal court appeals, postconviction pleadings, etc . . . are on the tablet; all transcripts, witness list names, requests for admissions, [sic] to produced, interrogatories, objections, motion, petitions, etc... EVERYTHING is on that tablet;" (5) "[t]his impacts Plaintiff's freedom and criminal case where all the information for the criminal case is on the tablet, a huge portion cannot be reproduced, and the tablet itself will be required at an [sic] postconviction resentencing hearing after the CCOA remands 17CA1648 for same;" (6) regarding plaintiff's petition for a writ of certiorari from the Supreme Court, "all the materials and research are on that tablet, all

9

law libraries are closed for research and typing, and the case files have been taken/lost during the transfer;" (7) plaintiff cannot replace the contents of the tablet because it is "6 years of material;" and (8) "[t]he tablet also has all legal research and federal rules of civil procedure on it.  Thousands of pages of materials, work product created over an [sic] 6 year period of approximately 300 days a year typing, 32 gigs in all."  Docket No. 139 at 4, 8-13.

While a general need for legal materials is insufficient to justify injunctive relief to return them, *Mears v. Bargdill*, 83 F.3d 432 (Table), 1996 WL 211242, at *3 (10th Cir. 1996), plaintiff has alleged with sufficient particularity why his tablet is necessary to litigate this case and others.  *Cf. Longstreth v. Tucker*, 2008 WL 2037275, at *2-4 (W.D. Okla. Mar. 18, 2008) (ordering prison to provide prisoner with access to seized legal materials that were necessary to prisoner's pursuit of his case), *report and recommendation adopted*, *Longstreth v. Tucker*, 2008 WL 2037275, at *1 (W.D. Okla. May 8, 2008).  State Defendants do not explain what harm a return of the tablet would cause and do not claim that the tablet is lost.  The magistrate judge ordered that the tablet be preserved until further order of the Court.  Docket No. 135 at 2.

Plaintiff had the tablet at least from 2016 to the present.  State Defendants do not dispute that he kept a large volume of research and draft pleadings on the tablet. Moreover, State Defendants do not describe any harm the return of the UTAB7 tablet would cause, at least in the short term.  The Court determines that plaintiff has justified an order for the temporary return of the tablet.

Therefore, the Court will order that State Defendants cause the return of plaintiff's UTAB7 tablet and charger for a two month period, after which time CDOC

may confiscate it.  Plaintiff has no right for CDOC to provide him with a substitute device to transfer the contents of the tablet, unless plaintiff, according to the rules of the facility where he is currently housed, is allowed to purchase and possess such a device. Rather, plaintiff must copy, whether by hand or otherwise, those materials that he needs within the time provided.

Plaintiff's assertions regarding his other legal materials are insufficient.  Plaintiff alleges that he is missing five law books and legal materials from the cases *Vreeland v. Schwartz*, No. 13-cv-03515-PAB-KMT, *Vreeland v. Huss*, 18-cv-00303-PAB-SKC, and *Vreeland v. Tiona*, 17-cv-01580-PAB-SKC.  Docket No. 106 at 2.  State Defendants concede that plaintiff's legal documents and books were lost during one of his transfers, and state that they have not been able to locate them.  Docket No. 113 at 6.  Plaintiff indicates that he has purchased new books and can print many of his materials from PACER, but needs the return of some of his original materials.  Docket No. 132 at 7. However, plaintiff does not describe what the original materials he needs are or why he needs them.  Plaintiff's objection to the magistrate judge's recommendation focuses solely on the tablet, *see generally* Docket No. 139, and provides no support for his need of files from other cases to help him litigate this case.  Plaintiff has not demonstrated why he cannot reproduce this material and "he has not identified or described the evidence he sought to present."  *Mears*, 83 F.3d 432 (Table), 1996 WL 211242, at *3.

As part of plaintiff's objection to Magistrate Judge Crews's July 14, 2020 order, plaintiff requested a hearing before this Court.  Docket No. 139 at 1.  The Tenth Circuit does not require a court to hold a hearing on a motion for injunctive relief when one is

unnecessary, *Nellson v. Barnhart*, No. 20-cv-00756-PAB, 2020 WL 3000961, at *5 (D. Colo. June 4, 2020) (citing *Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014)), and the Court does not construe this as a motion for injunctive relief.  Thus, the Court declines to hold a hearing on the matter and plaintiff's request for a hearing will be denied.

Based on the foregoing, it is

**ORDERED** that the Recommendation of United States Magistrate Judge S. Kato Crews [Docket No. 142] is **REJECTED**.  It is further

**ORDERED** that plaintiff's Motion for Order [Docket No. 106] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that State Defendants shall cause the return of plaintiff's UTAB7 and charger within ten days of the date of this order and allow plaintiff to possess and to access the contents of the tablet for a two month period.  During this period of time, plaintiff is not allowed to upload any materials to the tablet.  It is further

**ORDERED** that plaintiff's Motion to Chief Judge P.A. Brimmer for Immediate Resolution of Objection to Magistrate Denial of ECF 106 [Docket No. 138] is **DENIED as moot**.  It is further

**ORDERED** that plaintiff's Motion to Chief Judge P.A. Brimmer for Immediate Ruling on ECF 138 and 139 so Appeal Number 20-1302 can Proceed [Docket No. 166] is **DENIED as moot.**  It is further

**ORDERED** that plaintiff's Third Motion for Ruling on ECF 137, 138, and 139

Which Have Sat Since 7/21/2020 [Docket No. 177] is **DENIED as moot**.

DATED January 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

13