IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03165-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

DESIREE VIGIL,
THEODORE L. LAURENCE,
JAMMIE FELLHAUER,
LINDA PARO,
VANESSA CARSON,
LISA HANKS,
LINDSAY GOUTY,
DOCTOR MAUL,
MOUNTAIN PEAKS UROLOGY, P.C.,
CHRISTOPHER T. HARRIGAN, M.D.,
JENNIFER HARRIGAN,
ASHLEY REEDER,
CARLEY DAVIES,
BRANDY R. KNESKI,
CORRECTIONAL HEALTH PARTNERS, INC,
HALL & EVANS, LLC,
ANDREW RINGLE,
LAURA PEARSON,
KRISTIN A. RUIZ,
JULIE TOLLESON,

    Defendants.

_____

**ORDER**

_____

    This matter is before the Court on the Report and Recommendation of

Magistrate Judge S. Kato Crews (the "recommendation") [Docket No. 172] filed on

October 16, 2020.  The background facts are set forth in the magistrate judge's

recommendation and will not be repeated here except as relevant to resolving the

present motion.  The magistrate judge recommends that the Court deny plaintiff Delmart Vreeland's Motion to Amend Four Sentences on One Page of Complaint, filed on May 26, 2020.  Docket No. 98.  Plaintiff filed a timely objection.  Docket No. 182.

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  In light of plaintiff's pro se status, the Court reviews his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

## I.  Background

Plaintiff is a prisoner in the Colorado Department of Corrections ("CDOC"). Docket No. 4 at 4.  Plaintiff filed this lawsuit on December 10, 2018 based on a claimed delay in medical care during which time he alleges a painful mass on his lower body grew to the size of a golf ball and he went at least six months without pain medication. Docket No. 4 at 4-7.

The initial complaint brought claims against Jammie Fellhauer, Theodore Laurence, and Desiree Vigil.  Docket No. 1.  On December 12, 2018, Magistrate Judge Gordon Gallagher ordered plaintiff to file an amended complaint "that provides a clear and concise statement of the claims he is asserting if he wishes to pursue the claims in this action."  Docket No. 3 at 5.  Plaintiff filed his first amended complaint on December 31, 2018 asserting an Eighth Amendment claim for deliberate indifference and a state

law medical malpractice claim.  Docket No. 4.  On June 17, 2019, plaintiff filed a motion for leave to file a second amended complaint.  Docket No. 50.

The magistrate judge issued a recommendation that the motion for leave to amend be denied with respect to plaintiff's proposed medical malpractice claims against defendants employed by CDOC due to plaintiff's failure to allege that he complied with the Colorado Governmental Immunity Act ("CGIA").  Docket No. 71 at 11-12.  The CGIA requires "[a]ny person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment" to "file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury."  Colo. Rev. Stat. § 24-10-109(1).  If the action is against a state employee, "the notice shall be filed with the attorney general."  *Id.* at § 24-10-109(3)(a).  Further, the action can only be brought after the claimant "has received notice from the public entity that the public entity has denied the claim or until after ninety days has passed following the filing of the notice of claim required by this section, whichever occurs first."  *Id.* at § 24-10-109(6).

Plaintiff filed an objection to this portion of the magistrate judge's recommendation, asserting that (1) he did, in fact, comply with the CGIA's notice requirement; (2) he is not required to state in a complaint in a federal lawsuit that he complied with the notice requirement; and (3) the notice requirement is an affirmative defense that must be asserted by defendants.  Docket No. 72 at 3-4.  On March 19, 2020, the Court entered an order overruling all three of these objections.  Docket No. 74 at 3-5.  The Court found that plaintiff did not identify any allegation in the proposed second amended complaint that indicated that he complied with the provisions of the

CGIA. *Id*. at 4.

Plaintiff filed the instant motion to amend the complaint on May 26, 2020.

Docket No. 98.  In his motion to amend, plaintiff seeks to add the following:

> Pursuant to Colorado Governmental Immunity Act C.R.S. 24-10-109, Plaintiff asserts jurisdiction over medical malpractice claims against state actors and advises he has served notice under the statute to the Colorado Attorney General.

*Id*. at 2.  The magistrate judge recommends denying the motion to amend as "moot" based on a footnote in the Court's March 19, 2020 order suggesting that a simple sentence that plaintiff "complied with the state notice requirements" would be insufficient.  Docket No. 172 at 3-5 (citing Docket No. 74 at 4 n.2).  The magistrate judge also recommends the Court find that denial of the motion for leave to amend is proper due to plaintiff's failure to cure deficiencies by amendment and the delay in the case.  *Id*. at 5.

## II.  ANALYSIS

Since the Court's March 19, 2020 order, the Tenth Circuit addressed notice under the CGIA in *Scott v. Cary*, 829 F. App'x 334 (10th Cir. 2020) (unpublished).  In *Scott*, the complaint alleged that, "[p]ursuant to C.R.S. 24-10-109 the Plaintiff has mail [sic] an intent to sue to Aurora City Saftey [sic] Office on or around March 15, 2017."  *Id.* at 336.  Defendants filed a motion to dismiss based on who plaintiff provided the notice to.  *Id.*  The Tenth Circuit recognized that, under Colorado law, a plaintiff must plead compliance with the CGIA's notice provisions, but stated that "even if Colorado law governs pleading in federal court (which we need not resolve), we have held that the pleading need not provide details."  *Id.* at 337.  The court noted that "an allegation such

4

as the following would suffice: 'Plaintiff fully complied with the provisions of Colo.Rev.Stat. section 24-10-109.'"[1]  *Id.* (quoting *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist*., 353 F.3d 832, 841 (10th Cir. 2003)).

> Plaintiff seeks leave to add the following statement:
>
> Pursuant to Colorado Governmental Immunity Act C.R.S. 24-10-109, Plaintiff asserts jurisdiction over medical malpractice claims against state actors and advises he has served notice under the statute to the Colorado Attorney General.

Docket No. 98 at 10.  Under *Aspen Orthopaedics* and *Scott*, this statement sufficiently pleads compliance with the CGIA because it identifies the CGIA and states that plaintiff provided notice under it.  *See Scott*, 829 F. App'x at 337; *Aspen Orthopaedics*, 353 F.3d at 841.  Accordingly, plaintiff's proposed amendment of the complaint is proper.

The magistrate judge also recommends denying the motion to amend because doing so would make the complaint a "moving target" and plaintiff has already had opportunities to cure deficiencies, but has failed to do so.  Docket No. 172 at 5; 5 n.3. While this case was filed on December 10, 2018, a scheduling order has not yet been entered, and it is still at the motion to dismiss stage.  *See* Docket Nos. 96, 115, 136, and 154.  Plaintiff attempted to cure the CGIA defect shortly after becoming aware of it,

---

[1] A court may deny leave to amend if the complaint, as amended, would be subject to dismissal.  *Anderson*, 499 F.3d at 1238.  *Aspen Orthopaedics* was written before the Supreme Court clarified the standard for granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Under *Twombly*, a plaintiff must offer specific factual allegations to support each claim.  *Twombly*, 550 U.S. at 555.  The Court in *Scott* declined to resolve whether Colorado law governed the sufficiency of CGIA pleadings in federal court.  *Scott*, 829 F. App'x at 337.  Regardless, the Tenth Circuit's citation of *Aspen Orthopaedics* in *Scott* indicates that a simple statement that the plaintiff complied with Colo. Rev. Stat. § 24-10-109 is sufficient to withstand a motion to dismiss.

and the Court finds that there was no undue delay.

Based on the foregoing, it is

**ORDERED** that the Recommendation of United States Magistrate Judge S. Kato Crews [Docket No. 172] is **REJECTED**.  It is further

**ORDERED** that plaintiff's Motion to Amend Four Sentences on One Page of Complaint [Docket No. 98] is **GRANTED**.  It is further

**ORDERED** that plaintiff shall file a third amended complaint **on or before March 5, 2021** that adds **only** the following language to Section C Jurisdiction: "Pursuant to Colorado Governmental Immunity Act C.R.S. 24-10-109, Plaintiff asserts jurisdiction over medical malpractice claims against state actors and advises he has served notice under the statute to the Colorado Attorney General."  It is further

**ORDERED** that the Clerk's Office shall mail a copy of the second amended complaint, Docket No. 77, to plaintiff.


DATED January 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge