IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03165-PAB-SKC

DELMART E.J.M. VREELAND, II,

        Plaintiff,

v.

DESIREE VIGIL,
THEODORE L. LAURENCE,
JAMMIE FELLHAUER,
LINDA PARO,
VANESSA CARSON,
LINDSAY GOUTY,
DOCTOR MAUL,
MOUNTAIN PEAK UROLOGY, P.C.,
CHRISTOPHER T. HARRIGAN,M.D.
JENNIFER HARRIGAN,
ASHLEY REEDER,
CARLEY DAVIES,
BRANDY R. KNESKI,
CORRECTIONAL HEALTH PARTNERS, INC.,
HALL & EVANS LLC,
ANDREW RINGLE,
LAURA PEARSON,
KRISTIN A. RUIZ, and
JULIE TOLLESON,

        Defendants

_____

**ORDER**
_____

    This matter comes before the Court on plaintiff's Motion to Chief Judge Philip A.

Brimmer to Extend the 60-day Time Limits Set Out in ECF 216 [Docket No. 230],

Motion to Chief Judge P.A. Brimmer – Based on New Evidence and For Good Cause to

Alter Court's Previous Order in ECF 216 [Docket No. 235], and Alternative Second

Motion to Chief Judge P.A. Brimmer to Extend Time Set in ECF 216.  Docket No. 236.

State Defendants have filed responses to these motions.  Docket Nos. 238, 239.

Plaintiff has filed a reply.  Docket No. 251.

## I.  BACKGROUND

Plaintiff is an inmate in the Colorado Department of Corrections ("CDOC") whose UTAB7 tablet computer ("tablet") was confiscated by the CDOC.  Plaintiff filed a motion asking the Court to order the CDOC to return his tablet.  Docket No. 106.  The magistrate judge denied the motion and plaintiff objected.  Docket Nos. 139, 142.  The Court construed the tablet motion as akin to a discovery dispute and found that plaintiff had shown that the materials on his tablet were necessary for him to litigate this case and others given that plaintiff indicated he stored materials related to his cases on the tablet.  Docket No. 216 at 5, 10.  On January 22, 2021, the Court ordered the State Defendants[1] to, within ten days, return plaintiff's tablet for a two month period, after which time the CDOC would be permitted to confiscate it once again.  *Id*. at 12.  The Court stated that "plaintiff must copy, whether by hand or otherwise, those materials that he needs within the time provided."  *Id.* at 11.  The CDOC returned plaintiff's tablet

---

[1] Defendants Desiree Vigil, Theodore Laurence, Jammie Fellhauer, Linda Paro, Vanessa Carson, Lisa Hanks, Lindsay Gouty, and Doctor Maul are CDOC medical personnel.  Docket No. 234 at 4.  Defendants Kristin Ruiz and Julie Tolleson are Assistant Colorado Attorneys General.  *Id*. at 6.  Collectively, the Court refers to them as the "State Defendants."

2

on January 28, 2021.[2]  Docket No. 218 at 1.  Therefore, it appears that the two month

period expires on or about March 29, 2021.

## II.  ANALYSIS

Plaintiff's first motion seeks an extension of the two month time period for an

additional 90 days.  Docket No. 230 at 5.  To justify such an extension, plaintiff argues

that (1) the State Defendants lied regarding the reasons for confiscation of the tablet

and the policies concerning inmate possession of UTAB7 tablets; and (2) plaintiff has

filed a motion for the permanent return of his tablet in another case before this Court,

*Vreeland v. Polis*, No. 20-cv-02420, Docket No. 46, and the 90-day extension of time is

necessary to give the magistrate judge sufficient time to issue a recommendation on

the motion.  *Id.* at 5.

On February 26, 2021, the magistrate judge issued a recommendation in

*Vreeland v. Polis* that plaintiff's motion for the return of his tablet, Docket No. 46, be

denied as moot.  No. 20-cv-02420, Docket No. 76 at 1.  Therefore, plaintiff's argument

that the magistrate judge needs time to rule on Docket No. 46 fails as a ground for

extending the return of the tablet.  Plaintiff's second argument is also unavailing.  In

*Vreeland v. Vigil*, No. 18-cv-03165, Docket No. 139, plaintiff presented similar

arguments regarding the alleged lies by the State Defendants that he argues now; the

Court resolved those arguments by granting the return of plaintiff's tablet for a two

---

[2] Plaintiff's motion for an extension of time states that the tablet was returned on February 28, 2021, Docket No. 230 at 1, but the Court assumes this to be a typo given that plaintiff filed a motion on February 3, 2021 that stated that the tablet was returned on January 28, 2021.  *See* Docket No. 218.  State Defendants have not provided a date on which the tablet was returned.  *See* Docket Nos. 238, 239.

month period.[3]  The Court sees no reason to extend the return of plaintiff's tablet for 90 days based on arguments similar to those the Court considered in ordering the return of the tablet for two months.  Therefore, the Court will deny this motion.

Plaintiff's second motion seeks the permanent return of the tablet.  Docket No. 235 at 8.  Plaintiff argues that (1) two months is not enough time to write down all the information he needs; (2) the Court's refusal to permanently return the tablet in this case and in *Polis* is causing unnecessary litigation; (3) defendants lied about why they seized the tablet in the first place and continue to lie to the Court; and (4) the tablet has the required security patch.  *Id.* at 1-5.

The Court did not require plaintiff to write down all the information on the tablet.  Rather, the Court allowed plaintiff to access the information related to this case and others that he needed within the two month period.  *See* Docket No. 216 at 10-11 (ordering the State Defendants to temporarily return the tablet because plaintiff justified his need for access to its contents in order to litigate this case and others).  Plaintiff provides no reason to believe that has not happened or that he cannot do that.  *See generally* Docket Nos. 230, 235, 236.  Further, the State Defendants indicate that plaintiff has had access to the law library printing facilities since the return of the tablet.  Docket No. 239 at 6.  Finally, plaintiff states that the CDOC has given him the option, at the end of the two month period, either to mail the tablet home or to turn it over to the CDOC for its preservation until plaintiff's release.  Docket No. 230 at 1.  As a result,

---

[3] Plaintiff argues that he has new evidence of lies by the State Defendants, Docket No. 230 at 3-4, but the fundamental allegation that the State Defendants lied regarding the reason for confiscation and the CDOC's policies towards tablets remains unchanged.

plaintiff has the ability to send it to someone who could make arrangements to access the contents at plaintiff's request and even to have materials printed.  There is therefore no prejudice to plaintiff in his ability to litigate this case or others.

Plaintiff's arguments regarding the unnecessary litigation and alleged lies by the State Defendants in this case and others are irrelevant to the reasons the Court ordered the return of the tablet.  The claims in this case concern medical care plaintiff received in prison.  Docket No. 233 at 1-2.  In *Polis*, plaintiff alleges that defendants retaliated against him for engaging in the protected conduct of filing grievances and lawsuits by, *inter alia*, seizing his tablet.  No. 20-cv-02420, Docket No. 1 at 28.  Plaintiff also alleges that his tablet was seized in violation of the Fourth Amendment.  *Id*. at 37. The merits of the seizure of plaintiff's tablet are at issue in *Polis*, not in this case. Because there is no reason to believe that the return of plaintiff's tablet has allowed plaintiff to litigate this case or others, the Court will deny this motion.

Plaintiffs third motion asks the Court to allow him to keep his tablet while his appeal of this Court's order returning the tablet is pending.  Docket No. 236 at 3. Plaintiff provides no new reasons for the Court to alter its return timeline besides his pending appeal.  *See id.*  Plaintiff's reasons do not address why the Court ordered the return of the tablet in the first place, which was to cure prejudice to plaintiff's ability to litigate his cases.  Therefore, the Court will deny this motion.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Chief Judge Philip A. Brimmer to Extend the 60-day Time Limits Set Out in ECF 216 [Docket No. 230] is **DENIED**.  It is further

**ORDERED** that plaintiff's Motion to Chief Judge P.A. Brimmer – Based on New Evidence and For Good Cause to Alter Court's Previous Order in ECF 216 [Docket No. 235] is **DENIED**.  It is further

**ORDERED** that plaintiff's Alternative Second Motion to Chief Judge P.A. Brimmer to Extend Time Set in ECF 216 [Docket No. 236] is **DENIED**.


DATED March 25, 2021.

BY THE COURT:


PHILIP A. BRIMMER
Chief United States District Judge