IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03165-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

DESIREE VIGIL,
THEODORE L. LAURENCE,
JAMMIE FELLHAUER,
LINDA PARO,
VANESSA CARSON,
LISA HANKS,
LINDSAY GOUTY,
DOCTOR MAUL,
MOUNTAIN PEAKS UROLOGY, P.C.,
CHRISTOPHER T. HARRIGAN, M.D.,
JENNIFER HARRIGAN,
ASHLEY REEDER,
CARLEY DAVIES,
BRANDY R. KNESKI,
CORRECTIONAL HEALTH PARTNERS, INC,
HALL & EVANS, LLC,
ANDREW RINGLE,
LAURA PEARSON,
KRISTEN A. RUIZ, and
JULIE TOLLESON,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation re: Plaintiff's Emergency Motion for Injunction and Restraining Order [#93] of Magistrate Judge S. Kato Crews (the "recommendation") [Docket No. 228] filed on February 22, 2021. The background facts are set forth in the magistrate judge's recommendation and will not be repeated

here except as relevant to ruling on plaintiff's objection to the recommendation. The magistrate judge recommends that the Court deny plaintiff's Emergency Motion for Injunction and Restraining Order Due to Physical Injury Pursuant to Fed. R. Civ. P. 65 and D.C.CO.O.L.CivR 65.1 With Attached Declaration in Support Thereof ("the motion"). Docket No. 228 at 8.

## I. Background

For the majority of this case, plaintiff was a prisoner in the Colorado Department of Corrections ("CDOC").[1] Plaintiff filed this lawsuit on December 10, 2018 due to a delay in medical care during which time he alleges a painful mass on his lower body grew to the size of a golf ball and he went at least six months without pain medication. Docket No. 4 at 4-7.

The operative complaint asserts the following claims: one claim of deliberate indifference in violation of the Eighth Amendment arising out of a delay in medical care between June and December of 2018; one claim of deliberate indifference in violation of the Eighth Amendment arising out of a January 31, 2019 physical exam and continued pain medication denial; a medical malpractice claim arising out of the same January 31, 2019 physical exam, a surgery scheduled for February 22, 2019, and pain medication denial; and a Fourth Amendment claim against defendant Vanessa Carson ("Carson") for theft of medical records. Docket No. 234 at 28-32, 43-44; *see also* Docket No. 233 at 2.

Defendants Desiree Vigil ("Vigil"), Theodore Laurence ("Laurence"), Jammie

---

[1] On May 20, 2021, plaintiff was transferred to the custody of the Wyoming Department of Corrections ("WDOC"). *See* Docket No. 271 at 2; Docket No. 276 at 3.

Fellhauer ("Fellhauer"), Linda Paro ("Paro"), Carson, Lisa Hanks ("Hanks"), Lindsay Gouty ("Gouty"), and Doctor Maul (" Dr. Maul") are CDOC medical personnel. Docket No. 234 at 4. Defendants Kristin Ruiz ("Ruiz") and Julie Tolleson ("Tolleson") are Assistant Colorado Attorneys General. *Id*. at 6. Collectively, the Court refers to them as the "State Defendants."

During the pendency of this case, plaintiff was transferred between CDOC facilities a number of times.[2] Docket No. 93 at 2. Plaintiff alleges the following facts in his motion. On April 14, 2020, plaintiff was ordered to do jobs in the prison kitchen that he was medically unable to do, which resulted in severe medical injuries. *Id.* at 3. On April 15, 2020, plaintiff was issued a medical lay in. *Id.* at 4. Plaintiff was not seen by medical staff until two weeks later, and when he was seen it was for a COVID-19 exam and not his injury. *Id.* Plaintiff explained his medical issues to the medical staff, and Physician Assistant Boyd "stated, with CSP staff present, [that] she was immediately rescheduling the surgery for the epididymal tumor/cysts; issuing a light duty restriction, 20 lbs lifting restriction, back/spine brace, medication for seizures and no kitchen assignment orders." *Id.* However, plaintiff learned the next day that Boyd had not actually done this. *Id.* On May 20, 2020, a "CSP major" ordered plaintiff to return to work in the kitchen, risking further injury. *Id.*

Plaintiff asks the Court to issue an injunction directing CDOC to (1) place plaintiff on a permanent medical lay in until the necessary surgery is complete, and (2) not to

---

[2] In other filings in this case, plaintiff states that he was transferred seven times, Docket No. 106 at 1, while State Defendants state that plaintiff was transferred three times. Docket No. 113 at 2-4.

move plaintiff from "CSP Incentive D/3/28" unless the move is to the Colorado Territorial Correctional Facility ("CTCF") for medical reasons. *Id.* at 5. On February 22, 2020, the magistrate judge issued a recommendation that the court deny the motion, Docket No. 228, which the Court accepted on March 17, 2021. Docket No. 242. However, on March 29, 2021 the Court docketed an objection from plaintiff that was mailed in compliance with the prison mailbox rule on March 9, 2021. Docket No. 255 at 15-16; *see Price v. Philpot*, 420 F.3d 1158, 1164-67 (10th Cir. 2005) (finding a document timely filed under the prison mailbox rule if given to prison officials prior to the filing deadline, regardless of when the Court receives the documents)*; see also* Fed. R. Civ. P. 6(d) (adding three days to time period when service is made by mail). Therefore, the Court will consider plaintiff's objection to be timely.

## II. LEGAL STANDARD

To succeed on a motion for a preliminary injunction or temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir.

2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir.1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Morever, because "the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," the Tenth Circuit has identified the following three types of specifically disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005). Injunctions that disturb the status quo alter the parties' existing relationship. *Id*. "The status quo is not defined by the parties' existing legal rights; it is defined by the reality of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." *Id*. at 1259. Because plaintiff seeks injunctive relief that would alter the status quo by requiring CDOC to issue a medical lay in, he is required "to make a heightened showing of the four factors." *RoDa Drilling*, 552 F.3d at 1208-09; *see also O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1177 (10th Cir. 2003).

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it

is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). Because plaintiff's objection is timely[3] and specific, the Court will review the recommendation de novo. In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

The magistrate judge recommends denying the motion because (1) plaintiff received a medical work release on April 16, 2020, rendering the issue moot and any argument about its future cancellation is too speculative, (2) plaintiff did not address the four factors required to obtain injunctive relief, and (3) any allegation of irreparable harm from facility transfers is too speculative. Docket No. 228 at 5-7. Plaintiff objects that (1) the motion was not moot at the time of filing because the medical lay was not issued until May 14, 2020, and (2) plaintiff did address each of the four factors for injunctive relief. Docket No. 255 at 7-8.

### A. Medical Lay In

Plaintiff's motion asked the Court to issue an injunction and temporary restraining order ("TRO") "directing CDOC and Defendant Chief Medical Officer to issue a permanent medical lay in from inmate job assignment to remain in effect until the medical issues addressed in the complaint and this motion are resolved by surgery." Docket No. 93 at 6. Plaintiff does not dispute that he has been issued a medical lay in.

---

[3] As discussed above, plaintiff's objection is timely despite having been received after the Court accepted the magistrate judge's recommendation.

6

*See* Docket No. 255 at 12-13. Instead, plaintiff's first objection is that the magistrate judge incorrectly concluded that the plaintiff was issued a medical lay in prior to filing the motion for a TRO. *Id.* at 7. However, plaintiff is the one who misreads the facts. The affidavit of Assistant Warden David Lisac states that Mr. Lisac issued a verbal directive to place plaintiff on medical lay in status on April 16, 2020, he met with plaintiff on May 14, 2020, and he told plaintiff that he would be kept on medical lay in status "until a full chart medical review was completed." Docket No. 102-1 at 2-3, ¶¶ 8, 11. Plaintiff's motion is signed May 12, 2020 and was docketed by the Court on May 15, 2020, Docket No. 93 at 7, after Mr. Lisac issued the April 16, 2020 verbal lay in.

Whether the medical lay in was issued before or after plaintiff filed his motion is immaterial because the issue is not whether plaintiff's motion was moot at the time of filing, but whether it is presently moot. *See Ind v. Colo. Dept. of Corrections*, 801 F.3d 1209, 1213 (10th Cir. 2015) ("[T]he crucial question is whether granting a present determination of the issues offered will have some effect in the real world."); *cf. Morris v. Cozza-Rhodes*, No. 15-cv-01877-RM, 2015 WL 6811422, at *2 (D. Colo. Nov. 6, 2015) (denying as moot motion for preliminary injunction to prevent prisoner transfer when Bureau of Prisons had decided not to transfer the prisoner). Therefore, the Court overrules plaintiff's objection that the magistrate judge improperly found that his motion was moot before it was filed.

Plaintiff's second objection is that the medical lay in "does not in any way protect Plaintiff from being ordered by any CDOC staff, above or below the rank of the person issuing the lay in issued [sic], from ordering Plaintiff to complete physical tasks that Plaintiff's current medical restrictions and issues forbid/prevent Plaintiff from completing

without sustaining further injury." Docket No. 255 at 13. Additionally, plaintiff states that the lay in would not have any effect at a different CDOC facility if he were to be transferred. *Id.*

Plaintiff's objection asks the Court to issue an injunction "protecting Plaintiff from being ordered by any state actor to complete physical tasks Plaintiff's medical chart restrictions and medical conditions forbid/prohibit Plaintiff from completing, and order the injunction remain in effect until the medical issues at issue are resolved." *Id.* at 13. However, this is different relief from what plaintiff requested in the motion for a TRO. In the motion for a TRO, plaintiff asked the Court to issue an injunction requiring CDOC and Dr. Maul to place him on a medical lay in, Docket No. 93 at 6; in his objection, plaintiff asks the Court to enjoin CDOC from requiring plaintiff to complete any tasks his medical conditions do not allow. Docket No. 255 at 13.

Plaintiff has changed tactics from his motion to his objection, but "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished). Further, plaintiff presents no evidence that the issuance of the medical lay in by Dr. Maul rather than Mr. Lisac would make any difference in whether the lay in was respected. *See* Docket No. 255 at 12-13. Indeed, plaintiff argues that he needs a Court injunction because nothing prevents CDOC actors both above and below the issuer of the lay in in the chain of command from ordering plaintiff to perform activities he cannot do. *Id.* Thus, it appears there would be nothing gained from the issuance of the lay in by Dr.

Maul as opposed to Mr. Lisac. The Court overrules plaintiff's objection because it raises a different issue from his motion and the medical lay in has been issued, making the relief sought moot.[4]

### B. Facility Transfer

Plaintiff's motion asks the Court to issue an injunction prohibiting CDOC from moving plaintiff out of his current housing unit of CSP Incentive D/3/28 unless it is to CTCF for medical reasons and to order that the retaliatory transfers of plaintiff are to stop. Docket No. 93 at 6. The magistrate judge recommends denying the motion because plaintiff did not address the four factors a Court considers for a preliminary injunction and plaintiff has not demonstrated irreparable harm. Docket No. 228 at 7-8. Plaintiff objects that "he did adequately cover at least three of the four factors, and that the fourth can be inferred." Docket No. 255 at 7-8. Plaintiff then proceeds to discuss the four factors. *See id*. at 8-12.

While plaintiff's motion argues that he will be irreparably harmed without an injunction, Docket No. 93 at 6, the motion makes no attempt to show a likelihood of success on the merits of his underlying claims, that the balance of equities tips in his favor, or that the injunction is in the public interest. *See generally id*. The Court is within its discretion to deny the motion on this basis. *See Cathey v. Jones*, 505 F. App'x 730, 733 (10th Cir. 2012) (unpublished) (upholding district court denial of pro se prisoner's motion for preliminary injunction because "[p]laintiff not only failed to specifically address the four factors, but also failed to provide any discussion from

---

[4] As noted above, plaintiff is currently in WDOC custody, which also renders moot any request to enjoin CDOC or to require Dr. Maul to issue a medical lay in.

9

which the district court could adequately evaluate whether they had been met"). Plaintiff's failure to argue a likelihood of success on the merits, that the balance of equities tips in his favor, or that the injunction is in the public interest means that he has not sustained his burden of establishing that his right to injunctive relief is "clear and unequivocal." *Beltronics USA*, 562 F.3d at 1070; *see also Pinson v. Kasdon*, No. 13-cv-01384-RM-BNB, 2014 WL 811735, at *3 (D. Colo. Feb. 28, 2014) (accepting magistrate judge's recommendation to deny motion for preliminary injunction because plaintiff did not address the four preliminary injunction factors).

Plaintiff attempts to rectify this failure by arguing that he fulfills each factor in his objection to the magistrate judge's order. However, these arguments were not raised before the magistrate judge and are therefore waived. *Marshall*, 75 F.3d at 1426. Plaintiff's objection that he did address three of the factors in the motion and that "the fourth can be inferred," Docket No. 255 at 7-8, is contradicted by a reading of the motion. Additionally, the Court declines plaintiff's invitation to infer arguments he did not make. *See Cathey*, 505 F. App'x at 733 (rejecting pro se prisoner's argument that the district court did not construe his pleadings liberally when it denied his motion for preliminary injunction because he failed to address the four preliminary injunction factors). Therefore, the Court overrules this objection.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff['s] Objection to ECF 228 Magistrate Recommendation to Deny Plaintiff's ECF 93 Emergency Motion for Injunction and Restraining Order Due to

Physical Injury Pursuant to Fed.R.Civ.P. Rule 65 and D.C.COLO.LCivR 65.1 Which Was Filed on May 15th, 2020 and Thereafter Ignored [Docket No. 255] is **OVERRULED**.

DATED September 16, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge