IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03165-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

DESIREE VIGIL, et al.,

    Defendants.

**ORDER**

**I. INTRODUCTION**

This matter is before the Court on that portion of the Order and Recommendation re: Plaintiff's Motion for Hearing/Conference of Magistrate Judge S. Kato Crews (the "recommendation") [Docket No. 288] that recommends administratively closing this case.[1] The background facts are set forth in the recommendation and will not be repeated here, except as relevant to ruling on the recommendation. The magistrate judge recommends that the Court administratively close this case until plaintiff can demonstrate he is able to fully prosecute this case and comply with

---

[1] The order also denied plaintiff's request for a hearing on all of plaintiff's cases pending in this district. Docket No. 288 at 1-2. Plaintiff filed a motion for reconsideration of the order denying a hearing. Docket No. 289 at 3. The magistrate judge denied plaintiff's motion for reconsideration of the denial of plaintiff's proposed hearing but did not review the recommendation for administrative closure. Docket No. 292. The portion of the order denying a hearing is not before the Court and will not be considered.

deadlines. Docket No. 288 at 5. Plaintiff states he cannot prosecute his case because he does not have the necessary legal materials. *Id.* Plaintiff mailed a box of these legal materials to the Court. *Id.* at 3. On September 16, 2021, the magistrate judge gave plaintiff until October 15, 2021 to accept the return to him of the box or to make arrangements for the box to be retrieved from the Court or the Court would dispose of it. *See* Civil Action No. 1:18-cv-00303-PAB-SKC, Docket No. 224. On October 22, 2021, plaintiff provided an address of a friend or family member to which the box could be sent. *Id.* Docket No. 230. In regard to the recommendation to administratively close this case, plaintiff has filed an objection. Docket No. 289 at 1.

## II. LEGAL STANDARD

Generally, district courts review magistrate judges' orders regarding non-dispositive motions under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573, (1985). A district court must affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. V. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will review the portion of plaintiff's motion for reconsideration,

Docket No. 289, that objects to the recommendation that the case be closed for clear error. The Local Rules allow the Court to enter an administrative closure of a civil action "subject to reopening for good cause". D.C.COLO.LCivR 41.2. Administrative closure of a case terminates pending motions, *id.*, but the Court would give the movants leave to re-file the motions once the case is re-opened. As a result, the motions would not be finally disposed of.

## III.  ANALYSIS

The magistrate judge recommends administratively closing this case until plaintiff demonstrates that he can prosecute this case and comply with deadlines. Docket No. 288 at 5. The recommendation observes that plaintiff's motion asserted that the legal documents he requires to litigate this case have been lost by the Wyoming Department of Corrections after plaintiff was transferred from Colorado to Wyoming. *Id.* Additionally, plaintiff requested a stay on the deadlines in the case because he could not litigate the case without his legal documents. *Id.* The recommendation states that plaintiff's ability to litigate this case appears to be impossible because of plaintiff's lack of access to the documents. *Id.* The recommendation observes that it is unclear when plaintiff will be able to pursue this action. *Id.* Although plaintiff previously requested a stay of all proceedings, Docket No. 271 at 1, plaintiff opposes an administrative closure, Docket No. 289 at 3. Plaintiff states that closure will create a delay that will cause "plaintiff to suffer in pain needlessly." *Id.* at 1. CHP and the H&E defendants also oppose administrative closure of this case and, instead, seek rulings on their pending motions to dismiss. Docket No. 291 at 4-5.

The circumstances have changed since the recommendation was issued regarding both of the reasons for administrative closure. First, plaintiff is in control of the legal materials that he sent to the Court, *see* Civil Action No. 1:18-cv-00303-PAB-SKC, Docket No. 230, and therefore the lack of those materials no longer poses an impediment to plaintiff's prosecution of this case. Plaintiff can access his materials by contacting the person to whom the box was sent and asking that person to copy and send materials to him. Second, the Court does not find that a delay will improve plaintiff's ability to prosecute this case with regard to any other materials. As plaintiff acknowledges, any legal materials that were lost were lost while under the control of the Wyoming Department of Corrections. Docket No. 286 at 18. The magistrate judge correctly noted that there is no recourse this Court can provide for the loss of such materials. Docket No. 288 at 4-5.

Because the circumstances in this case have changed, the Court will decline to adopt the recommendation to administratively close this case. The Court, however, will set deadlines for the plaintiff to respond to the pending motions.[2]

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that the portion of the Order and Recommendation re: Plaintiff's Motion for Hearing/Conference of Magistrate Judge S. Kato Crews (the "recommendation") [Docket No. 288] recommending administrative closure is

---

[2] Based on the two extensions plaintiff has already received, the Court will not accept further requests for an extension of time to file responses to the motions that have been pending since March 2021.

**REJECTED**.  It is further

**ORDERED** that plaintiff's responses to the pending Motions to Dismiss: MPU Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12 (b)(6) and C.R.S. § 13-20-602 [Docket No. 240], Defendant Correctional Health Partners' Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 243], Defendant Hall & Evans, LLC., Andrew Ringel, and Laura Pearson's Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 245], and State Defendants' Partial Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 249] are due on or before **Tuesday, February 1, 2022**.  It is further

**ORDERED** that any replies to plaintiff's responses to the pending motions to dismiss are due on or before **Tuesday, February 8, 2022**.  It is further

**ORDERED** that MPU Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12 (b)(6) and C.R.S. § 13-20-602 [Docket No. 240], Defendant Correctional Health Partners' Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 243], Defendant Hall & Evans, LLC., Andrew Ringel, and Laura Pearson's Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 245], and State Defendants' Partial Motion to Dismiss Plaintiff's Third Amended Complaint [Docket No. 249] are no longer referred.

DATED January 19, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge